UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS C. WILLIAMS, | : | Case No. 1:22-cv-153 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARREN COUNTY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff has filed a *pro se* civil rights complaint against Warren County. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. §1915(e)(2)(B).

**Screening of Complaint**

A. **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

    **B.**    **Plaintiff's Complaint**

It appears from plaintiff's complaint that he is a pre-trial detainee, who was ordered committed to the "Summit Health Care Center," after being found incompetent to stand trial. Liberally construing the complaint, *Erickson*, 551 U.S. at 94, plaintiff brings this action against Warren County based on allegations that his bail, set at $15,000, was excessive because his charges are non-violent. (Doc. 1-1, at PageID 8).

For relief, plaintiff seeks $1 million in damages and for the charges to be dropped. (Doc. 1-1, at PageID 9).

    **C.**    **Analysis**

The complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

First, plaintiff's complaint against Warren County, the sole defendant, should be dismissed because plaintiff has not pled a plausible claim pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Municipal or county liability attaches only where a custom, policy, or practice attributable to the municipality or county was the "moving force" behind the violation of the plaintiff's constitutional rights. *Heyerman v. Cty. of Calhoun,* 680 F.3d 642, 648 (6th Cir. 2012) (quoting *Miller v. Sanilac Cty.,* 606 F.3d 240, 254–55 (6th Cir. 2010)). There is no mention of a custom, policy or practice of Warren County in the complaint and no allegation that a custom, policy or practice played a part in any alleged constitutional violation. (*See* Doc. 1-1). Therefore, plaintiff's claims against defendant Warren County should be dismissed for failure to state a claim to relief. *See, e.g., Brown v. City of Franklin*, No. 3:16-cv-1342, 2016 WL 6948363, at *5-6 (M.D. Tenn. Nov. 28, 2016) (holding that a plaintiff failed to allege a claim against a county in connection with her bail where there were no allegations of a county policy or custom, or that the county set the plaintiff's bail).

Next, to the extent that plaintiff requests that the charges against him be dropped, such a claim should be dismissed without prejudice. A federal court must decline to interfere with pending state proceedings involving important state interests in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is mandated where, as here, federal court intervention would "unduly interfere with the legitimate activities of the States." *Younger*, 401 U.S. at 44. Where *Younger* abstention is appropriate, dismissal of the plaintiff's claim without prejudice is warranted. *See Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986). The Court should therefore dismiss plaintiff's claim that his charges should be dropped without prejudice. *See, e.g., Williams v. Underwood*, No. 3:19-cv-P208-CRS, 2019

WL 3769634, at *4 (W.D. Ky. Aug. 9, 2019) (dismissing a plaintiff's claim that his charges should be dropped without prejudice).

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice,** pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of plaintiff's claim that his charges should be dropped, which should be **DISMISSED without prejudice.**

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

March 28, 2022                                              *s/Peter B. Silvain, Jr.*
                                                                                       Peter B. Silvain, Jr.
                                                                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| THOMAS C. WILLIAMS, | : Case No. 1:22-cv-153 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| WARREN COUNTY, | : |
| Defendant. | : |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).