UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas C. Williams,

        Plaintiff,                              Case No. 1:22-cv-153

    v.                                    Judge Michael R. Barrett

Warren County,

        Defendant.

## ORDER

This matter is before the Court on the Magistrate Judge's March 29, 2022 Report and Recommendations ("R&R") recommending that this action be dismissed with prejudice for failure to state a claim for relief; and recommending that pursuant to 28 U.S.C. § 1915(a) that an appeal of any order adopting the R&R would not be taken in good faith and therefore Plaintiff should be denied leave to appeal *in forma pauperis*. (Doc. 5).  Plaintiff has filed Objections to the R&R.  (Doc. 6).

### I.    BACKGROUND

Plaintiff filed a *pro se* complaint against Defendant Warren County on March 24, 2022, along with a Motion for Leave to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 1).  On March 29, 2022, the Magistrate Judge granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*.  (Doc. 4).

According to the Complaint, Plaintiff was arrested on October 20, 2021 on non-violent charges and his cash bond was set at $15,000.  (Doc. 3, PAGEID 19). Later, Plaintiff was found not competent for trial and committed to the "Summit Health Care Center." (Id.)  Plaintiff brings a claim under 42 U.S.C. §1983 based on a violation of his

civil rights. (Doc. 3). In his complaint, Plaintiff demands $1 million and asks that his criminal charges be dropped.  (Id., PAGEID 20).

The Magistrate Judge conducted a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  The Magistrate Judge concluded that Plaintiff's Complaint should be dismissed with prejudice, except that Plaintiff's claim that his charges should be dropped should be dismissed without prejudice.  (Doc. 5, PAGEID 26).  The Magistrate Judge explained that Plaintiff's Complaint does not state a claim against the sole defendant, Warren County, pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  (Doc. 5, PAGEID 25).  The Magistrate Judge explained that Plaintiff claims his bail was excessive, but Plaintiff does not identify a custom, policy, or practice of Warren County which was the "moving force" behind this alleged violation of his constitutional rights.  (Id.) As to Plaintiff's request that the criminal charges against him be dropped, the Magistrate Judge explained that under *Younger v. Harris*, 401 U.S. 37, 44-45 (1971), unless there are extraordinary circumstances, a federal court must decline to interfere with pending state proceedings involving important state interests if intervention would "unduly interfere with the legitimate activities of the States."  (Doc 5. PAGEID 25).  The Magistrate Judge explained that *Younger* abstention is warranted here, and therefore, Plaintiff's request to drop the charges against him should be dismissed without prejudice.  (Id.)

In his Objections, Plaintiff does not make any specific objections to the Magistrate Judge's R&R, but instead raises additional claims under the Administrative Procedures

Act, as well as claims for violations of his right to speedy trial and violations of the Sixth, Eighth and Fourteenth Amendment. (Doc. 6, PAGEID 28, 31).

## II.     ANALYSIS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.; *see also* 28 U.S.C. § 636(b)(1).  However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and it tantamount to a complete failure to object.").

A plaintiff proceeding *in forma pauperis* does not have to incur any filing fees or court costs, leading to the lack of an economic incentive to not file any frivolous, malicious, or repetitive lawsuits.  *Denton v. Hernandez*, 504 U.S. 25,31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). This Court can dismiss the *in forma pauperis* complaint if it is found that the action is frivolous or malicious. 28 U.S.C. §§1915(e)(2)(B)(i).  A complaint may be frivolous if there is not a rational or arguable basis in fact or law.  *Neitzke*, 490 U.S. at 328-29.  Although detailed factual allegations are not required, there needs to be enough factual content, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). The Court must accept allegations of facts as true except conclusory statements or mere threadbare recitations of the elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, *pro se* plaintiffs are "held to a less stringent standard than formal pleadings drafted by lawyers," and their complaints must be "liberally construed." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)).

The Court now turns to Plaintiff's claims.  Liability for municipalities or counties only attaches if a custom, policy, or practice attributable to the municipality or county was the "moving force" behind the violation of a plaintiff's constitutional rights.  *Heyerman v. Cty. Of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012) (quoting *Miller v. Sanilac Cty.*, 606 F.3d 240, 254-55 (6th Cir. 2010)).  Therefore, a plaintiff asserting a §1983 violation against a county or municipality must identify the policy, connect the policy to the county itself, and show that the plaintiff's particular injury was incurred because of the execution of that policy.  *Graham v. Cty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004).

Here, Plaintiff has failed to identify a custom, policy, or practice attributable to Warren County.  Therefore, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff's §1983 claim for excessive bail should be dismissed with prejudice for failure to state a claim on which relief can be granted.  *Accord Myers v. Wood Cty.*, 2020 U.S. Dist. LEXIS 35376 (N.D. Ohio 2020) (dismissing *pro se* plaintiff's § 1983 claim against county because he failed to allege facts identifying a specific county policy, custom, or practice used to decide his bail and "the individualized bail/bond determinations made by the judge in the plaintiff's criminal case do not demonstrate that an official policy, custom, or practice of Wood County led to the constitutional violations of which he complains.").

4

The Court also finds no error in the Magistrate Judge's recommendation that this Court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) from hearing Plaintiff's claim that his state criminal charges should be dropped.  *Younger* instructs that federal courts may not "stay or enjoin pending state court proceedings except under special circumstances."  *Id*. at 41.  *Younger* abstention is appropriate where "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017) (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432-34, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).  Plaintiff's state criminal proceedings are currently pending; and "state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere."  *Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x 792, 794 (6th Cir. 2003).  Therefore, the first two *Middlesex* factors are satisfied in this case.  As to the third factor, Plaintiff has not alleged that the state proceedings will not provide him with an adequate opportunity to raise his constitutional claims, and therefore the third *Middlesex* factor is also satisfied.  *Accord Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 WL 3946191, at *3, 2019 U.S. Dist. LEXIS 142061, at *6 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention analysis satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).  Because all three factors have been met, this Court will abstain from hearing Plaintiff's claim that his state criminal charges should be dropped.

"A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 638 (6th Cir. 2007).  As this Court has observed, "when application of *Younger* abstention is proper and the plaintiff is seeking money damages and equitable relief the appropriate procedure is to stay the proceedings rather than dismiss the case without prejudice." *Cummings v. Husted*, 795 F. Supp. 2d 677, 694 (S.D. Ohio 2011) (citing *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995)).  Because Plaintiff is seeking $1 million in addition to having his charges dropped, the Court concludes that it is proper to stay Plaintiff's claim until the conclusion of the state proceedings.  *Accord James v. Hampton*, 513 F. App'x 471, 471–72 (6th Cir. 2013) ("Instead of dismissing the case, the district court should have stayed the case until the state proceedings had concluded because James sought money damages in addition to equitable relief.").

The Court will now address one final matter.  In Plaintiff's Objections, he alleges that under the Administrative Procedures Act his speedy trial rights were violated; and that the Sixth, Eighth, and Fourteenth Amendments were violated.  (Doc. 6, PAGEID 28-29).  Even if the Court were to construe Plaintiff's objections to the Magistrate Judge's R&R as a motion to amend his complaint to add these claims, Plaintiff has failed to include enough factual content to state a claim to relief which is plausible on its face.  While a *pro se* litigant's pleadings must be liberally construed, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

6

### III.  CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R to be thorough, well-reasoned, and correct.  Accordingly, the Magistrate Judge's March 29, 2022 R&R (Doc. 5) is **ADOPTED in PART**, and Plaintiff's Objections are **OVERRULED**.  It is hereby **ORDERED** that:

1. Plaintiff's complaint (Doc. 3) is **DISMISSED with prejudice**, with the exception of Plaintiff's claim that his charges should be dropped, which is **STAYED** until the conclusion of Plaintiff's state court proceedings; and

2. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order adopting this Report and Recommendation would not be taken in good faith, and therefore Plaintiff is **DENIED** leave to appeal i*n forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1977).

**IT IS SO ORDERED.**

                                       */s/ Michael R. Barrett*
                                    JUDGE MICHAEL R. BARRETT